THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TVT 2.0 LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RAPTOR METAL RECYCLING, LLC, a Florida limited liability company; POWELL FREDRICK PACE, an individual; and JACOB YOUNGMAN, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [5] DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Case No. 2:22-cv-00819-DBB<br><br>District Judge David Barlow |

The matter before the court is Defendants Raptor Metal Recycling, LLC; Powell Frederick Pace; and Jacob Youngman's (collectively "Defendants") Motion to Compel Arbitration.[1] Having considered the briefing and relevant law, the court finds that oral argument is unnecessary.[2] For the reasons stated below, the court grants the motion.

## BACKGROUND

Plaintiff TVT 2.0 LLC ("TVT") and Defendants agreed to a business loan and security agreement. The agreement specified that TVT would loan Defendants $760,000 and in return Defendants would pay TVT $1,033,600.[3] The agreement contained the following clause:

> **33. ARBITRATION.** To the extent that a claim or dispute arises out of, or in relation to this Agreement, including without limitation, the terms, construction, interpretation, performance, termination, breach, or enforceability of this Agreement, the parties (Borrower, Guarantors and Lender) hereby agree that the

---

[1] Mot. to Compel Arb. ("Mot. to Compel"), ECF No. 5, filed Jan. 4, 2023.
[2] *See* DUCivR 7-1(g).
[3] Compl. ¶ 10, ECF No. 2-3, filed Dec. 29, 2022.

1

claim or dispute shall be, at the election of any party within thirty (30) days after the claim or dispute arises, resolved by mandatory binding arbitration in Utah.[4]

On November 22, 2022, TVT sued Defendants in Utah state court for breach of contract.[5] On December 29, 2022, Defendants removed to this court.[6] Defendants filed the instant motion to compel arbitration on January 4, 2023.[7] TVT filed a response on January 20, 2023.[8] The time for a reply brief has passed without Defendants having filed one.[9]

## DISCUSSION

The parties agree that arbitration is proper.[10] The question is whether the court should dismiss or stay the case pending the outcome of arbitration. Defendants invite the court to either stay or dismiss the action.[11] TVT does not oppose a stay.[12]

"The [Federal Arbitration Act] provides that if any lawsuit brought in the court[] is referable to arbitration under an arbitration agreement, the court shall stay the trial of the action until such arbitration has occurred."[13] "[W]hen one of the parties petitions the [c]ourt to stay an action pending compulsory arbitration, the mandatory language of Section 3 is binding, and it is error for the [c]ourt to dismiss the action."[14] Here, TVT states that "the case should be stayed

---

[4] ECF No. 5-1, at 15–16; ECF No. 5-2, at 14–15. There are two business loan and security agreements, one from October 28, 2022, and the other from March 1, 2022. While the parties disagree as to which instrument applies, they agree that both contain the same arbitration clause. Mot. to Compel 3; Opp'n to Mot. to Compel ("Opp'n") 2, ECF No. 7, filed Jan. 20, 2023. As such, the court need not decide which agreement governs.
[5] Compl. ¶¶ 23–29.
[6] *See* ECF No. 2.
[7] *See* Mot. to Compel.
[8] *See* Opp'n.
[9] *See* DUCivR 7-1(a)(4)(D)(iii); Docket.
[10] *See* Mot. to Compel 5 ("[A] valid agreement to arbitrate exists and that agreement clearly encompasses the dispute at issue."); Opp'n 3 ("Plaintiff has never opposed and does not oppose arbitration.").
[11] Mot. to Compel 5.
[12] *See* Opp'n 3; Decl. of Brody Valerga ("Valerga Decl.") ¶ 6, ECF No. 7-1, filed Jan. 20, 2023.
[13] *Ivy Bridge v. Nature's Sunshine Prod., Inc.*, No. 2:21-cv-00495, 2022 WL 604857, at *7 (D. Utah Mar. 1, 2022) (citing 9 U.S.C. § 3).
[14] *Rager v. Pecos Valley Pizza, Inc.*, No. 18-cv-00571, 2019 WL 825736, at *2 (D.N.M. Feb. 21, 2019) (citing *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994)).

pending arbitration and not dismissed"[15] and then elsewhere states that it "is not opposed and never has been to arbitration or staying the case."[16] Defendants request either dismissal or a stay.[17] Thus, a stay, rather than dismissal, is appropriate.

## ORDER

Accordingly, the court GRANTS Defendants' Motion to Compel Arbitration.[18] The action will be STAYED in its entirety pending final resolution of the arbitration. The court ORDERS the parties to report on the status of arbitration every 90 days from the date of this Memorandum Decision and Order until the parties report that arbitration is complete.

Signed February 10, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[15] Opp'n 1.
[16] Valerga Decl. ¶ 6. TVT also states that "Plaintiff's Motion for Summary Judgment should be heard to narrow the issues of this case." Opp'n 3. But there is no pending Motion for Summary Judgment. *See* Docket. In any event, a party cannot make a motion in a brief responding to a motion.
[17] Mot. to Compel 5.
[18] ECF No. 5.